IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CRIMINAL NO. 3:21-CR-9 (CAR) |
| | : |
| CEDDRICK DEMON MERCERY, | : |
| | : |
| Defendant. | : |
| | : |

## DEFENDANT CEDDRICK MERCERY'S MOTION FOR SEVERANCE OF COUNTS

Defendant Ceddrick Mercery respectfully requests that the Court sever Count 2 and 3 from the Superseding Indictment and that he be granted a separate trial on all counts. As explained below, joining these counts together threatens Mr. Mercery's right to a fair trial. Given the unique (and distinct) facts at issue in each count, a joint trial will create a specific and substantial risk of unfair prejudice. The counts have no overlapping witnesses; they do not involve similar facts; they do not involve an ongoing conspiracy; they do not involve the same guns; and trying these counts together, especially given the circumstances and conduct at issue in Counts 2 and 3, will substantially prejudice Mr. Mercery.

### A. The original indictment.

On February 10, 2021, a grand jury charged Mr. Mercery with two counts of violating Title 18, United States Code, Section 922(g), that is, with being a felon

in possession of a firearm. *See* Indictment attached hereto as Exhibit A.

### 1. The gun range count

Specifically, in Count One, the indictment charged Mr. Mercery with being a felon in possession of a firearm on August 25, 2020. Discovery reveals that Mr. Mercery is alleged to have been a customer at an Athens, Georgia gun range and to have used one of the gun range's rifles at the range. There is no allegation that Mr. Mercery did anything improper involving the firearm on that date other than to possess it as a convicted felon.

### 2. The gun in Shownicia Hull's apartment

Count Two of the indictment charged Mr. Mercery with being a felon in possession of a firearm on October 26, 2020. Discovery reveals that Mr. Mercery is alleged to have possessed a firearm in the apartment of a woman named Shownicia Hull and in the presence of a man named Terrance Arnold. Only Ms. Hull and Mr. Arnold were present in the apartment with Mr. Mercery. The discovery does not suggest that Mr. Mercery threatened anyone with a firearm and is only alleged to have possessed it as a convicted felon.

Notably, on August 12, 2021, the U.S. Attorney's Office for the Middle District of Georgia charged Ms. Hull and Mr. Arnold with participating in a heroin trafficking conspiracy from August 1, 2020 through November 2020; with possessing heroin with the intent to distribute it; with maintaining a drug

premises; and with possessing a **firearm** in furtherance of a drug trafficking offense, all on November 20, 2020. *See* Hull and Arnold Indictment, attached hereto as Exhibit B.[1]

### B. The superseding indictment adds a new count involving a high-speed chase, gun shots, and an escape.

On July 8, 2021, the Government obtained a superseding indictment charging Mr. Mercery with possessing a firearm as a convicted felon on September 23, 2020. *See* Exhibit C attached hereto. (Notably, the firearm identified in the superseding indictment is different from the firearms mentioned in Counts 1 and 2.)

In Count 3, the Government alleges that: two men came to repossess a white Honda that Mr. Mercery was sitting in on September 23, 2020 in the dark of night; the men approached the car; Mr. Mercery fired shots at the men; Mr. Mercery fled the scene in the white Honda; he went on a high-speed chase with law enforcement; Mr. Mercery then abandoned the white Honda and escaped; and he wasn't arrested for over a month. The allegations involved in Count 3 are

---

[1] To date, the Government has not produced any evidence about whether Ms. Hull and Mr. Arnold are also convicted felons (although the docket reveals that Mr. Arnold's criminal history warranted his pretrial detention). Doc. 26, in Case No. 3:21-CR-00035-CAR=CHW. Mr. Mercery notes that the evidence at issue in Case No. 3:21-CR-00035 is almost certainly *Brady* and *Giglio* evidence to the extent that the Government wishes to call Ms. Hull or Mr. Arnold to testify against Mr. Mercery.

#3284632v1

hotly disputed. Mr. Mercery **denies** these allegations, and the Government's evidence suggesting that Mr. Mercery drove the car or committed this crime is weak.

### C. The Court should sever the counts.

Under Federal Rule of Criminal Procedure 14, this Court has the discretion to "order separate trials of counts" where the "joinder of offenses . . . in an indictment . . . appears to prejudice a defendant." *United States v. Green*, 494 F.2d 820, 829 (5th Cir. 1974) ("[T]he grant or denial of a motion for severance is a matter addressed to the discretion of the trial court."). Even where Federal Rule of Criminal Procedure 8, which permits the joinder of counts," is not violated, the defendant is still **entitled to a severance** if he can show specific and compelling prejudice due to the counts being joined." *United States v. McLain*, 823 F.2d 1457, 1467 (11th Cir. 1987) (emphasis added). "[W]hen joinder of either defendants or offenses causes the actual or threatened deprivation of a fair trial, severance is no longer discretionary." *United States v. Butler*, 494 F.2d 1246, 1256 (10th Cir. 1974).

The Court should sever the counts. At face value, there is a superficial similarity to the charged offenses (namely, being a felon in possession of a firearm). But, at closer glance, the charged counts have nothing to do with each other. In Count 1, Mr. Mercery is charged with going to a gun range on August

#3284632v1

25, 2020. The only admissible evidence related to that count involves proof that he attended a gun range while knowing he was a convicted felon and that he possessed a gun on that date.

By contrast, proving Count 2, which alleges that Mr. Mercery possessed a gun in October while in Ms. Hull's apartment, will require live testimony from Ms. Hull and Mr. Arnold, both of whom are under indictment for narcotics trafficking and gun offenses. Direct and cross-examinations of Ms. Hull and Mr. Arnold will inevitably reveal to the jury that Mr. Mercery associated with alleged narcotics traffickers (and potentially worse depending on the Government's *Giglio* production). Of course, the evidence about his association with Ms. Hull and Mr. Arnold would not be **admissible** but for the allegations in Count 2. In other words, there is a substantial danger that the jury will find his sheer association with suspected narcotics traffickers proof that he has a bad character; there is a substantial danger that the jury will rely on such evidence when assessing whether he knowingly committed the crimes alleged in Count 1 and 3.

Indeed, this spillover risk is heightened when it comes to Count 3. Mr. Mercery is alleged to have shot a gun at two men; to have gone on a high-speed chase with the cops; and to have fled the scene. Of course, there is substantial evidence showing that Mr. Mercery **was not the driver**, including physical evidence showing that someone else's fingerprints were retrieved from the door

of the white Honda.² After all, a report prepared by Detective Amanda Blair of the Athens-Clarke County Police Department revealed her analysis of a fingerprint retrieved from the driver's side door of the white Honda: "I analyzed the latent fingerprint and determined it was suitable for comparison. However, when I compared the latent fingerprint to the known exemplar prints for MERCERY I did not find similarities between them. The latent fingerprint recovered does not match the known fingerprints for MERCERY." *See* USAO-004901 attached hereto as Exhibit D. The danger is that these exculpatory details may be drowned out by evidence of Mr. Mercery's association with Ms. Hull and Mr. Arnold and other evidence that would otherwise by inadmissible.

Second, there is no overlap of witnesses, firearms, or evidence relating to the three counts. To that end, the combination of trying these offenses together will permit the Government to introduce evidence that would otherwise be inadmissible as it relates to certain counts. For example, the evidence related to Counts 2 and 3 has nothing to do with whether Mr. Mercery went to a gun range

---

² The Government recently represented to Mr. Mercery that it did not maintain possession of the white Honda following Mr. Mercery's arrest and that it is no longer in the Government's possession. On August 12, 2021, the Government represented that the car had been released almost a year ago and had likely been cleaned countless times. At this time, Mr. Mercery has not had an opportunity to inspect the car to assess whether there were shell casings inside, whether the seat position was consistent with Mr. Mercery's height, or to obtain any other available fingerprints from the car. This loss and destrutcion of *Brady* evidence will be a key issue in any trial on Count 3.

#3284632v1

in August 2020. A severance would avoid this situation.

Third, trying these counts together would impermissibly burden Mr. Mercery's right against self-incrimination. Should he need to testify about the circumstances in Count 2, to rebut the testimony of Ms. Hull or Mr. Arnold for example (who may be testifying in exchange for a more favorable deal from the Government), he will be unable to do so without waiving his right to remain silent as to Counts 1 and 3.

Lastly, trying the counts together is likely to be inefficient and would not promote judicial economy. Atrial on all the counts may require many judicial instructions to the jury about whether various pieces of evidence or testimony could be considered for all the counts at issue or just one. The need for constant objections and requests for instructions about various pieces of evidence may prove cumbersome and significantly slow down any trial. Severing the counts will permit a streamlined, and perhaps day-long trial on each count, which would simplify the issues in each trial.

## CONCLUSION

For the sake of ensuring that Mr. Mercery receives a fair trial and that any convictions will be based only upon properly admissible evidence as it relates to each count, the Court should sever the counts.

Respectfully submitted this 7th day of September, 2021.

                    By:   */s/ Kamal Ghali*
                            Kamal Ghali
                            Attorney for Defendant
                            BONDURANT MIXSON & ELMORE LLP
                            One Atlantic Center
                            1201 West Peachtree Street NW
                            Suite 3900
                            Atlanta, GA 30309
                            P: 404.881.4173
                            F: 404.881.4111
                            Email: ghali@bmelaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on today's date I electronically filed the Motion for Severance with the Clerk of the Court using the CM/ECF system.

*/s/ Kamal Ghali*
Kamal Ghali
Attorney for Defendant
BONDURANT MIXSON & ELMORE LLP
One Atlantic Center
1201 West Peachtree Street NW
Suite 3900
Atlanta, GA 30309
P: 404.881.4173
F: 404.881.4111
Email: ghali@bmelaw.com

#3284632v1