IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL NO. 3:21-CR-9 (CAR) |
| | : | |
| CEDDRICK DEMON MERCERY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### DEFENDANT CEDDRICK MERCERY'S SECOND MOTION TO SUPPRESS AND EXCLUDE INSTAGRAM RECORDS AND MOTION TO ENFORCE COURT ORDER

On February 25, 2022, this Court entered an order granting Mr. Mercery's motion to suppress evidence—including videos and other personal data—that the Government seized pursuant to an illegal Instagram warrant. Doc. 55.

But, on March 17, 2022, over a year after this case was first indicted in February 2021, six months after Mr. Mercery filed his motion to suppress Instagram records, three months after an evidentiary hearing on the Instagram motion, and almost a month after the Court granted Mr. Mercery's motion to suppress Instagram records, the Government claimed that it found "new" Instagram videos that it wants to use at trial. Notably, these "new" Instagram videos aren't "new" at all; they appear to be duplicative with videos that the agents obtained via the illegal Instagram warrant. This attempt to circumvent the Court's February 25, 2022 order suppressing Instagram records should be rejected.

1. **The new production.**

On March 17, 2022, Mr. Mercery's undersigned counsel appeared before the Court in Athens, Georgia on an unrelated matter, and the AUSA assigned to this case hand delivered him a thumb drive with a post-it note that said "Instagram videos." The AUSA indicated that Athens-Clarke County Police Department Detectives had obtained this set of Instagram videos not via the illegal Instagram warrant but through a different law enforcement operation. The AUSA has not produced any written documentation about this previously undisclosed effort to obtain Mr. Mercery's Instagram records such as agent reports, memoranda of investigation, or even basic information such as the date on which the records were obtained. Notably, these "new" Instagram videos appear to be identical to certain videos that the agents obtained via the illegal Instagram warrant.

2. **This "new" Instagram evidence should be excluded.**

This extraordinarily belated production (a) is barred by the Court's order suppressing the Instagram records and (b) should be excluded for violating this Court's standard pretrial order. That order requires the Government to produce discovery within 30 days of the entry of the order. Here, the Government failed to produce these materials within 300 days of the order.

*First*, the Court's resolution of the motion to suppress Instagram records bars the Government from introducing the "new" Instagram records here. *See* Doc.

55. For starters, these "new" Instagram videos appear to be duplicative of a subset of the videos that the agents obtained via the illegal Instagram warrant. So the videos aren't "new" in any meaningful sense. They're merely duplicates of some of the suppressed evidence.

This tactic is troubling given that the Court gave the Government a full and fair opportunity to litigate whether the Instagram records should be suppressed. Indeed, the Government filed a written response to the motion to suppress Instagram records, and it participated in a lengthy evidentiary hearing on December 15, 2021. But it said nothing about this set of Instagram records. Instead, it waited until after it lost the motion to suppress to disclose this evidence.

Such conduct constitutes a waiver of the Government's ability to introduce the Instagram videos. If the Government had access to certain Instagram records from a source that was unrelated to the illegal warrant, it could well have argued (in its brief or at the hearing) that certain Instagram records were admissible under either the "inevitable discovery" or "independent source" exceptions to the exclusionary rule. *See, e.g., United States v. Terzado-Madruga*, 897 F.2d 1099, 1113 (11th Cir. 1990).

But it never did. It waited until it lost the motion. Had the Government raised those arguments, Mr. Mercery would have had an opportunity to litigate whether the "new" Instagram records were in fact, improperly obtained "fruit[s] of

the poisonous tree." After all, "[t]he exclusionary rule, which bars the admission of evidence obtained in violation of the Constitution, extends beyond the direct products of police misconduct to evidence derived from the illegal conduct, or fruit of the poisonous tree." *Terzado-Madruga*, 897 F.2d at 1112.

As this Court acknowledged in its order suppressing the Instagram records, Mr. Mercery's motion expressly sought to suppress not just the Instagram records but the "fruits" of the search. Doc. 55, at 11 ("Mercery also seeks to suppress the fruits of the search authorized by the Instagram Warrant.") (emphasis added). During the December 15, 2021 evidentiary hearing, the AUSA acknowledged that suppressing the Instagram records would necessarily bar the Government from proving the facts alleged in Count 1 (the gun range count), *i.e.*, it would bar the introduction of the fruits of the illegal Instagram search. *See, e.g.*, Doc. 51 at 67-68 (AUSA: "Oh absolutely . . . We wouldn't have gotten to that other than that Instagram warrant, Judge. So that's true."). In short, the Government can't admit identical Instagram videos that it claims were obtained from an "independent source" when it failed to raise "independent source" as an exception to the exclusionary rule in its opposition to Mr. Mercery's motion to suppress Instagram evidence.

But even if the Government hadn't waived this issue, the evidence would still be barred as fruit of the poisonous tree. Indeed, TFO Frost, who is also a law

4

enforcement officer with Athens-Clarke County Police Department, has <u>already reviewed</u> the illegally obtained Instagram records. *See, e.g.*, Doc. 51, at 27 (Dec. 15, 2021 testimony of TFO Frost). Whatever agents did to obtain these "new" Instagram videos was necessarily tainted by their review of the entire contents of Mr. Mercery's Instagram account pursuant to the illegal warrant. The Government's failure to fully disclose the precise steps that it took to obtain these new Instagram records only underscores the point.

 ***Second***, the "Standard Pretrial Order" in this case, which was entered <u>over a year ago</u> on February 25, 2021, required the Government to produce Fed. R. Crim. P. 16 and other evidence it sought to use at trial "on or before thirty (30) days from the date of [the] Order." Doc. 12, at 1. The March 17, 2022 production of Instagram videos violates that order.

 To date, the Government has not identified any justification for this extraordinary delay in producing this set of Instagram videos. Nor has it explained why it failed to disclose basic information about the videos, such as the date on which the records were obtained, who obtained them, and whether the agents who obtained them were tainted by the information derived from the illegal Instagram search warrant.

 Moreover, the delay has taxed the resources of this Court and Mr. Mercery's counsel. If the Government had access to Instagram videos from another source,

what was the point of making the parties, and the Court, go through the process of an evidentiary hearing? Of extensive briefing? The Court should exclude this new evidence; there is no reasonable justification for the late production, it violates an order of this Court; and its late disclosure has already wasted public resources.

## CONCLUSION

Mr. Mercery respectfully requests that the Court exclude the March 17, 2022 production of Instagram videos. The videos are barred by the Court's February 25, 2022 order; the Government failure to raise the "independent source" doctrine in its briefing means it has waived the issue; the videos constitute fruit of the poisonous tree; and the late production, which took place over one year after Mr. Mercery's indictment, violates this Court's standard pretrial order requiring the production of discovery materials within 30 days.

Respectfully submitted this 23rd day of March 2022.

By: */s/ Kamal Ghali*
Kamal Ghali
Attorney for Defendant
BONDURANT MIXSON & ELMORE LLP
One Atlantic Center
1201 West Peachtree Street NW
Suite 3900
Atlanta, GA 30309
P: 404.881.4173
F: 404.881.4111
Email: ghali@bmelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on today's date I electronically filed the Second Motion to Suppress Instagram Records with the Clerk of the Court using the CM/ECF system.

/s/ *Kamal Ghali*
Kamal Ghali
Attorney for Defendant
BONDURANT MIXSON & ELMORE LLP
One Atlantic Center
1201 West Peachtree Street NW
Suite 3900
Atlanta, GA 30309
P: 404.881.4173
F: 404.881.4111
Email: ghali@bmelaw.com