IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : CRIMINAL NO. 3:21-CR-9 (CAR) |
| CEDDRICK DEMON MERCERY, | : |
| Defendant. | : |

### UNITED STATES' RESPONSE TO
### DEFENDANT'S SECOND MOTION TO SUPPRESS

The United States of America ("the Government"), through undersigned counsel, hereby responds to the "Second Motion to Suppress and Exclude Instagram Records and Motion to Enforce Court Order" filed by Defendant Ceddrick Demon Mercery (hereinafter "Defendant"). For the reasons set forth below, Defendant's motion should be denied as moot.

In his motion, Defendant argues that the Government recently served him with Instagram videos as an "attempt to circumvent the Court's February 25, 2022 order suppressing Instagram records." Nothing could be further from the truth. On March 17, 2022, the undersigned prosecutor provided Defendant's counsel a thumb drive containing videos from Defendant's Instagram account, which had not come into the undersigned prosecutor's possession until the week before. The undersigned prosecutor explained to defense counsel that Athens-Clarke County Police Department ("ACCPD") Gang Unit detectives had been investigating Defendant for a significant period of time and had created a fictitious Instagram profile and sent Defendant a "friend" request years ago, which he accepted. As a result, ACCPD gang detectives were able to view videos that

Defendant posted and made accessible to his Instagram friends.[1] The undersigned prosecutor further explained to defense counsel that he had not had an opportunity to review the Instagram videos on the thumb drive but understood from investigators that there were no videos dating back to the gun range incident, which formed the factual basis for Count 1 in the indictment.

In his motion, defense counsel appears to suggest that he did not have prior knowledge of the new Instagram discovery until March 17, 2022, when he appeared in court on "an unrelated matter" and was handed "a thumb drive with a post-it note." In fact, Defendant had been provided notice the week before that the Government intended to serve him new Instagram discovery.[2]

---

[1] This is a common and lawful investigation tool used by law enforcement officers, which has withstood numerous motions to suppress in several different districts. *See United States v. Dixon*, 2021 WL 4260673 (E.D. Michigan 2021) (denying defendant's motion to suppress because the defendant's approval of an undercover agent's friend request "amounted to consent to the search of his Instagram account."); *United States v. Gatson*, 2014 WL 7182275, at *22 (D.N.J. Dec. 16, 2014), aff'd, 744 F.App'x 97 (3d Cir. 2018) (finding that defendant's approval of an undercover agent's friend request – which provided the agent access to the defendant's Instagram account – constituted valid consent and obviated the need for a warrant.); *United States v. Sawyer*, 786 F. Supp. 2d 1352, 1356 (N.D. Ohio 2011) (reasoning that since the defendant voluntarily made files available to "friends," which included an undercover agent, he thereby consented to the search of those files and the fact that access to those files was obtained through use of a ruse did not render the consent involuntary); *United States v. Brooks*, 2012 WL 6562947 (E.D.N.Y. 2012) (holding that defendant's acceptance of "friend" request in a peer-to-peer file sharing network from an undercover agent did not trigger Fourth Amendment protections.).

[2] Defense counsel emailed the undersigned prosecutor and asked, "Will the Government be dismissing Count 1? I ask because I may need to update the Court about the status of the motion to sever and to brief how it applies to the new count." In a reply email sent on March 10, 2022, the undersigned prosecutor responded, "Yes, without the Instagram videos and the evidence derived from them, I do not see how I can go forward on Ct. 1. However, I understand that ACCPD gang detectives had lawful access to your client's Instagram account which I learned about after the motion to suppress. Those Instagram videos were placed on a 32GB thumb drive, which I just received today. I will serve you a copy of the thumb drive as soon as I have an opportunity to review the videos. However, I do not believe that the videos go back to the date in which your client was at the gun range." Approximately four hours later, Defense counsel sent a response email which stated, "Please provide all reports and information about this second review of Mr. Mercery's Instagram account, including the date on which the information was obtained, which photos were reviewed and when, which officers accessed the account, and what kind of "lawful" access the officers have (or had) to the account. This is the first I've heard about

Defendant's motion also appears to imply that the new Instagram discovery was a carbon copy of the Instagram records which were suppressed pursuant to the Court's order issued on February 25, 2022. The new Instagram discovery, however, contained *substantially* less material than the original Instagram records.[3] More importantly, the new Instagram discovery does not contain any videos directly related to the charged offenses. Upon reviewing the thumb drive, the undersigned prosecutor immediately recognized that there were no videos from the gun range (Count 1) or videos of Defendant brandishing the Glock handgun seized from Shownica Hull's apartment (Count 3).[4] As a result, the Government does not intend to use the new Instagram videos in its case-in-chief during the trial of the Defendant's case.[5]

,

---

this second batch of Instagram data, despite the fact that the case was indicted over a year ago. Given the Court's Order finding that agents violated Mr. Mercery's constitutional rights by rummaging through his Instagram account, this subsequent review of the photos may well violate the order and be fruit of the poisonous tree. In any event, this late production certainly violates court orders governing the timetables for producing discovery. I request that you cease any further review of these materials until we can address this issue with the Court."

[3] The 32GB thumb drive served on Defendant on March 17, 2022, only contained eleven (11) running video clips consisting of a total of less than 3GB of data, which stands in stark contrast to the volume of videos, photographs, and other data obtained pursuant to the state superior court search warrant issued in 2020 for Defendant's Instagram account.

[4] These videos were described, and screenshots were provided in the Government's Response to Defendant's Motion for Severance of Counts (Doc. 37).

[5] However, the Government's position stated above is in no way a concession to Defendant's claim that the new Instagram videos were illegally obtained by ACCPD gang detectives or that a discovery violation occurred. Rather, it is the position of the Government that the gang detectives lawfully obtained the Instagram videos through a legitimate law enforcement technique, and that these videos were timely served on the Defendant on March 17, 2022.

## CONCLUSION

Since the Government does not intend to use in its case-in-chief any of the Instagram videos which are the subject of Defendant's Second Motion to Suppress, Defendant's motion should be denied as moot.

Respectfully submitted, this 25th day of March, 2022.

        PETER D. LEARY
        UNITED STATES ATTORNEY

        */s/ Michael D. Morrison*
        MICHAEL D. MORRISON
        Assistant United States Attorney
        Georgia Bar Number 153001
        United States Attorney's Office
        Middle District of Georgia
        Post Office Box 1702
        Macon, Georgia 31202-1702
        Telephone: (478) 752-3511
        Fax: (478) 621-2655
        Email: mike.morrison@usdoj.gov

        *Attorneys for the United States of America*

## **CERTIFICATE OF SERVICE**

I certify that I have this day filed the foregoing United States' Response to Defendant's Second Motion to Suppress utilizing the Court's CM/ECF program, which will cause electronic notice to be provided to:

>Kamal Ghali
>Attorney for Defendant
>Bondurant Mixson & Elmore LLP
>One Atlantic Center
>1201 West Peachtree Street NW
>Suite 3900
>Atlanta, Georgia 30309
>Telephone: 404-881-4173
>Fax: 404-881-4111
>Email: ghali@bmelaw.com

Respectfully submitted, this 25th day of March, 2022.

>PETER D. LEARY
>UNITED STATES ATTORNEY
>
>*/s/ Michael D. Morrison*
>MICHAEL D. MORRISON
>Assistant United States Attorney
>Georgia Bar Number 153001
>United States Attorney's Office
>Middle District of Georgia
>Post Office Box 1702
>Macon, Georgia 31202-1702
>Telephone: (478) 752-3511
>Fax: (478) 621-2655
>Email: mike.morrison@usdoj.gov
>
>*Attorneys for the United States of America*