IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 3:21-CR-9 (CAR) |
| | ) | |
| CEDDRICK MERCERY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT CEDDRICK MERCERY'S MOTION TO EXCLUDE OR LIMIT
EXPERT TESTIMONY FROM GOVERNMENT FIREARMS EXPERT AIMEE QULIA
OR IN THE ALTERNATIVE FOR A *DAUBERT* HEARING**

Defendant Ceddrick Mercery, by and through his counsel, moves this Court to exclude or limit the expert testimony of the Government's Noticed Expert Witness Aimee Qulia, who will testify "that she examined three .40 S&W caliber cartridge cases (identified as Items 117, 118, and 119) which she determined <u>were fired from</u> a Taurus .40 caliber pistol, Model: G2C, Serial Number: AAM123496 (Item 113)." [Dkt. 63 at 2 (emphasis added)].

Mr. Mercery moves to exclude this testimony under Rule 702 and *Daubert*. Expert testimony that doesn't meet the standards of reliability as outlined in *Daubert* should be excluded from evidence. *See United States v. Adams*, 444 F. Supp. 3d 1248, 1251 (D. Or. 2020) (excluding firearms toolmarks expert testimony that shell casings were fired from the .40 caliber Taurus pistol recovered in a different location because firearms toolmarks analysis is not a reliable method

under *Daubert*). At the very least, the expert testimony should be limited in what conclusions she can draw. *See United States v. Cloud*, No. 1:19-CR-02032-SMJ-1, 2021 WL 7184484 (E.D. Wash. Dec. 17, 2021) (limiting expert testimony and noting that "Astrologers believe in the legitimacy of astrology…. And toolmark analysts believe in the reliability of firearms identification."); *United States v. Shipp*, 422 F. Supp. 3d 762, 766 (E.D.N.Y. 2019) (expert could testify that the firearm "cannot be excluded as the source of the recovered bullet fragment and shell casing, but not that the recovered firearm is, in fact, the source of the recovered fragment and shell casing").

Alternatively, if the Court is not inclined to exclude or limit her testimony based on the Motion alone, Mr. Mercery requests that the Court conduct a *Daubert* hearing prior to trial so the Court can further assess Ms. Qulia's qualifications and the reliability of her methods.

Respectfully submitted this 15th day of July, 2022.


By:     */s/ Allen Page*
                Kamal Ghali
                Ga. Bar No. 805055
                E. Allen Page
                Ga. Bar No. 640163
                Attorneys for Defendant

**BONDURANT MIXSON & ELMORE LLP**
One Atlantic Center, Suite 3900
1201 West Peachtree Street NW
Atlanta, GA 30309
P: 404.881.4173
F: 404.881.4111
Email: ghali@bmelaw.com
Email: page@bmelaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2022, I electronically filed the MOTION TO EXCLUDE OR LIMIT EXPERT TESTIMONY FROM GOVERNMENT FIREARMS EXPERT AIMEE QULIA OR IN THE ALTERNATIVE FOR A *DAUBERT* HEARING with the Clerk of the Court using the CM/ECF system.

*/s/ Allen Page*
E. Allen Page
Ga. Bar No. 640163