IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : CRIMINAL NO. 3:21-CR-9 (CAR) |
| CEDDRICK DEMON MERCERY, | : |
| Defendant. | : |

### United States' Response in Opposition to Defendant's Motion to Exclude or Limit Testimony from Government's FBI Fingerprint Expert and Request for a *Daubert* Hearing

The United States of America ("the Government"), through undersigned counsel, hereby responds to "Defendant Ceddrick Mercery's Motion to Exclude or Limit Expert Testimony from Government Fingerprint Expert Witness FBI Examiner Erik Carpenter or in the alternative for a *Daubert* hearing." Doc. 79. Defendant's motion is meritless and fails to address with requisite specificity the reliability, validity, and admissibility of fingerprint analysis methodology used in his case. As a result, a hearing is neither required nor warranted, and Defendant's motion should be denied.

The contested fingerprint evidence here relates to Count Three in the second superseding indictment (the "repo men" shooting). On September 23, 2020, Defendant fired a .40 caliber handgun at two individuals who were attempting to repossess the Honda Accord he was driving. After the shooting, Defendant fled from police. The following day, a Taurus .40 caliber pistol was found by a county maintenance worker at the base of a tree beside the road where Defendant fled the night before. The firearm was collected and sent to the FBI for testing.

As detailed in the Government's Summary of Expert Testimony (Doc. 65), FBI Forensic Examiner Erik Carpenter ("FE Carpenter") is highly competent and qualified to testify as an expert witness in the discipline of fingerprint analysis in this case.[1] At trial, FE Carpenter will testify that he examined a latent friction ridge print lifted off the Taurus pistol's magazine, which matched a known fingerprint belonging to Defendant Mercery. FBI latent print examiner Nicole Cover conducted a blind verification and reached the same conclusion as FE Carpenter.

## ARGUMENT AND CITATIONS OF AUTHORITY

An expert may testify about scientific knowledge if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; the testimony is based on sufficient facts or data; the testimony is the product of reliable principles and methods; and the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702. "Four inquiries guide the reliability analysis: Is the technique testable? Has it been subjected to peer review? What is the error rate and are there standards for lowering it? Is the technique generally accepted in the relevant scientific community?" *United States v. Gissantaner*, 990 F.3d at 463 (6th Cir. 2021) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593-94 (1993)).

*Daubert* hearings are not required before a judge may admit expert testimony. *United States v. Hansen*, 262 F.3d 1217 (11th Cir. 2001). Daubert hearings are not required but may be helpful in "complicated cases involving multiple expert witnesses." *City of Tuscaloosa*, 158 F.3d

---

[1] As part of his official duties with the FBI, Erik Carpenter is assigned to the FBI Laboratory – Latent Print Operations Unit ("LPOU"), where he is tasked with examining evidence for latent prints and comparing those latent prints with the prints of known individuals. Erik Carpenter has been qualified as an expert witness in both federal and state courts in the discipline of latent prints. Erik Carpenter has been employed by the FBI and assigned to the LPOU since April of 2000. Erik Carpenter has a Bachelor of Science Degree in Chemistry from Hope College, in Holland, Michigan, and a Master of Forensic Sciences Degree from George Washington University, in Washington, D.C.

at 564–65 n. 21 (11th Cir. 1998). The trial court should conduct a *Daubert* inquiry when the opposing party's motion for a hearing is supported by conflicting "literature and expert testimony." *Tanner v. Westbrook*, 174 F.3d 542, 546 (5th Cir.1999). "[W]hen expert testimony is based upon such well-established principles, a defendant must do more than file a generic motion to merit an evidentiary hearing." *United States v. Campbell*, 2012 WL 2374528, at *6 (N.D. Ga. Apr. 19, 2012), report and recommendation adopted, 2012 WL 2373037 (N.D. Ga. June 22, 2012).

Here, Defendant Mercery's motion is generic and completely lacking in substance. It does not point to any significant adverse case law,[2] literature, or expert testimony in support of its baseless assertion that the fingerprint evidence should be excluded or that in the alternative his case merits a *Daubert* hearing. For over twenty years, federal courts applying the *Daubert* standard around the country have found fingerprint expert testimony sufficiently reliable and relevant to be admitted as evidence. *See, e.g., United States v. Abreu*, 406 F.3d 1304 (11th Cir. 2005); *United States v. Mitchell*, 365 F.3d 215 (3d Cir. 2004); *United States v. Janis*, 387 F.3d 682 (8th Cir. 2004); *United States v. Collins*, 340 F.3d 672 (8th Cir. 2003); *United States v. Havvard*, 260 F.3d 597 (7th Cir. 2001); *United States v. Salameh*, 152 F.3d 88 (2d Cir. 1998).

As caselaw on the admissibility of fingerprint expert testimony under *Daubert* has advanced, several courts have explicitly determined that, "in the context of fingerprint evidence, a Daubert hearing is not always required." *United States v. Reyes-Ballista*, No. 18-634-2 (ADC), 2020 U.S. Dist. LEXIS 218249, at *8 (D.P.R. Nov. 20, 2020) (quoting *United States v. John*, 597 F.3d 263, 274 (5th Cir. 2010)); *see also, United States v. Baines*, 573 F.3d 979 (10th Cir. 2009); *United States v. Stevens*, 219 F. App'x 108, 109 (2d Cir. 2007).

---

[2] Defendant cites a single case out of the Eastern District of Washington – a case in which the Government has been unable to find has been followed or even cited by a single court, state or federal, throughout the country.

The Fourth Circuit case of *United States v. Crisp*, 324 F.3d 261, 268 (4th Cir. 2003) involved a *Daubert* challenge to the prosecution's presentation of fingerprint expert evidence. In *Crisp*, the government's fingerprint expert testified that the latent print lifted from an inculpatory note was the defendant's right palm print. Addressing whether the trial court erred in admitting the fingerprint identification evidence under *Daubert*, the *Crisp* court declared, a trial judge need not expend scarce judicial resources reexamining a familiar form of expertise every time opinion evidence is offered. In fact, if a given theory or technique is "so firmly established as to have attained the status of scientific law," then it need not be examined at all, but instead may properly be subject to judicial notice. *Crisp*, at 268 (quoting *Daubert*, 509 U.S. at 592 n.11). *Crisp* further notes that fingerprint evidence has been recognized as admissibly reliable in courts for over 100 years. *Id*. at 266. The *Crisp* court concluded that fingerprint identification bears "the imprimatur of a strong general acceptance, not only in the expert community, but in the courts as well," *Id*. at 268-69, and stopped just short of attributing to fingerprint identification the status of "scientific law" that would be subject to judicial notice under *Daubert*. *Id*. at 268.

There is no need for this Court to conduct a Daubert hearing in this case. The challenges to the Government's fingerprint expert contained in Defendant Mercery's motion can be – and should be – addressed at trial. *See United States v. John*, 597 F.3d 263, 275-76 (5th Cir. 2010) ("Issues regarding the accuracy of fingerprint evidence in a particular case generally go to the weight and credibility of the evidence and are best left to the finder of fact" (internal quotation omitted)); *see also, Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co.*, 161 F.3d 77, 85 (1st Cir. 1998) (stating that well-grounded expert testimony "should be tested by the adversary process – competing expert testimony and active cross-examination – rather than excluded from jurors' scrutiny for fear that they will not grasp its complexities or satisfactorily weigh its inadequacies");

*United States v. Cooper*, 91 F. Supp. 2d 79, 82 (D.D.C. 2000) ("whether the expert properly applied the established scientific principle to the facts and whether the expert's credibility is compromised for reasons such as bias…are matters that a jury usually is competent to evaluate after cross-examination and presentation of competing expert testimony. Wright and Gold, *Federal Practice & Procedure* § 6266, at 265.").

If the Defendant believes that FBI FE Erik Carpenter failed to properly employ the generally accepted and reliable methodologies of fingerprint analysis in this case, then he should have referenced specific deficiencies in his motion and provided supporting authority. Defendant will have the opportunity to cross examine FE Carpenter on any perceived issues at trial. To require a separate hearing on the wholesale admissibility of fingerprint identification at this stage based upon a barebones and baseless motion is inconsistent with the law and contrary to the interest of judicial efficiency.

## CONCLUSION

For all of the reasons set forth above, the Court should reject Defendant's meritless motion and deny without a hearing Defendant's motion to preclude fingerprint evidence.

Respectfully submitted, this 28th day of July, 2022.

                PETER D. LEARY
                UNITED STATES ATTORNEY

                */s/ Michael D. Morrison*
                MICHAEL D. MORRISON
                Assistant United States Attorney
                Georgia Bar Number 153001
                United States Attorney's Office
                Middle District of Georgia
                Post Office Box 1702
                Macon, Georgia 31202-1702
                Telephone: (478) 752-3511
                Fax: (478) 621-2655
                Email: mike.morrison@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that I have this day filed the foregoing *United States' Response in Opposition to Defendant's Motion to Exclude or Limit Testimony from Government's FBI Fingerprint Expert Erik Carpenter and Request for a Daubert Hearing* utilizing the Court's CM/ECF program, which will cause electronic notice to be provided to defense counsel.

Respectfully submitted, this 28th day of July, 2022.

PETER D. LEARY
UNITED STATES ATTORNEY

*/s/ Michael D. Morrison*
MICHAEL D. MORRISON
Assistant United States Attorney
Georgia Bar Number 153001
United States Attorney's Office
Middle District of Georgia
Post Office Box 1702
Macon, Georgia 31202-1702
Telephone: (478) 752-3511
Fax: (478) 621-2655
Email: mike.morrison@usdoj.gov

*Attorneys for the United States of America*