IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 3:21-CR-9 (CAR) |
| | ) |
| CEDDRICK MERCERY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT CEDDRICK MERCERY'S THIRD MOTION *IN LIMINE*** 

Mr. Mercery, by and through his counsel, respectfully files this Third Motion *in Limine* to exclude any in-court identification testimony relating to Count 3 of the Indictment.

**13. The Court should exclude any in-court identification testimony from the Repo Men as well any law enforcement officers involved in the September 23, 2020 high-speed chase**

In Count 3, the Government alleges that Mr. Mercery attempted to shoot at Mr. Boyd and Mr. Wilson during their attempt to repossess a white Honda, and that he then left in a high speed chase, pursued by Officer Jason Castels. For the reasons below, neither the Repo Men nor Officer Castels should be permitted to make an in-court identification.

First of all, asking these witnesses to make an in-court identification, in the absence of any of photo-line up, would violate Mr. Mercery's due process rights.

*Cf. United States v. Cueto*, 611 F.2d 1056, 1064 (5th Cir. 1980) ("For purposes of identification at trial, the Government's display involving only a single photograph of each defendant in the case is impermissibly suggestive."). Second, any such identification so would be highly unreliable, given the circumstances under which each allegedly saw the driver of the white Honda, and thus, the risk of unfair prejudice substantially outweighs any probative value from such testimony. Fed. R. Evid. 403.

As for the Repo Men, notably, neither Mr. Boyd nor Mr. Wilson identified Mr. Mercery on September 23, 2020; the only thing they knew about the driver is that he was a black male. Neither was able to identify the type of gun he is alleged to have shot; neither knew his name; neither knew how tall or short he was; neither knew what kind of clothing he wore; and neither could tell whether he had facial hair. It all happened "so quick" that they couldn't provide any details.

Later, on November 12, 2020, they reiterated that they could not identify Mr. Mercery. For example, when Athens-Clarke County Police Detective McCauley called Wilson to interview him again about the incident, Det. McCauley again asked: "So did you see the guy's face that night?  Were you able to get close enough to see?" And Wilson responded: "I didn't.  I didn't.  Like I

told the officers on scene, I didn't even think he was in it." *See* Call between McCauley and Wilson, November 12, 2020.

Although neither Boyd nor Wilson identified Mr. Mercery on the November 12, 2020 call, Detective McCauley took it upon himself to identify Mr. Mercery by name. *See id.* ("[T]hey right now they've actually got warrants active for the guy who we believe shot at y'all um, Ceddrick Mercery was the guy's name"); *See* Call between McCauley and Boyd, November 12, 2020 ("As a matter of fact we've actually got warrants on him right now um, Ceddrick, Ceddrick Mercery.") ("Well this dude's nuts. I mean, he, he, he's got a long history with us and the guy the guy who we think was driving the car.").

Given that both witnesses specifically declined to identify him, and given that Detective McCauley affirmatively dictated to Boyd and Wilson that Mr. Mercery was involved, there is a significant risk of substantial prejudice if the Government asks these witnesses to make an in-court identification. Given the agent's comments, they may well *assume* that Mr. Mercery is the man they saw that night, even though they never saw his face.

Likewise, as for Officer Castels, the discovery reveals that although he purportedly identified Mr. Mercery that night, he did so through a single photograph after following the white Honda in a high-speed chase at 3AM.

Officer Castel's body cam footage shows that the driver of the white Honda was only visible for a mere moment, from a distance, while Officer Castels approached. Moreover, Officer Castels's incident report noted that he did not identify Mr. Mercery until <u>after</u> (1) seeing that Mr. Mercery's mail was in the white Honda (after the driver abandoned it) and (2) running Mr. Mercery's name through the GCIC database. Finally, when he made the identification, he did so using a single identification card photograph of Mr. Mercery, without the use of any line-up whatsoever. *Cueto*, 611 F.2d at 1064.

Given the inherent difficulty of identifying someone by driving behind them in a high-speed chase, and Officer Castels's use of single photograph, the Court should exclude any in-court identification testimony as (1) unreliable and (2) so lacking in probative value that it is substantially outweighed by the risk of unfair prejudice under Fed. R. Evid. 403.

## **CONCLUSION**

Mr. Mercery respectfully requests that the Court exclude the above-referenced evidence, testimony, and arguments.

Respectfully submitted this 8th day of August, 2022.

*Signatures appear on the following page.*

*/s/ Kamal Ghali*
Kamal Ghali
Ga. Bar No. 805055
E. Allen Page
Ga. Bar No. 640163
*Attorneys for Defendant*
**BONDURANT MIXSON & ELMORE LLP**
One Atlantic Center, Suite 3900
1201 West Peachtree Street NW
Atlanta, GA 30309
P: 404.881.4173
F: 404.881.4111
Email: ghali@bmelaw.com
Email: page@bmelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on today's date I electronically filed the *THIRD MOTION IN LIMINE* with the Clerk of the Court using the CM/ECF system.

*/s/ Kamal Ghali*
Kamal Ghali
*Attorney for Defendant*
**BONDURANT MIXSON & ELMORE LLP**
One Atlantic Center, Suite 3900
1201 West Peachtree Street NW
Atlanta, GA 30309
P: 404.881.4173
F: 404.881.4111
Email: ghali@bmelaw.com